**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
Douglas R. Miller
United States Magistrate Judge

101 West Lombard Street
Baltimore, Maryland 21201
MDD_DRMChambers@mdd.uscourts.gov
(410) 962-7770

October 8, 2026

Re: *DeChandra W. v. Commissioner, Social Security Administration*
Civil No. 1:26-cv-01131-DRM
<u>Letter Opinion & Order on Plaintiff's "Reconsideration of Extension Request," ECF No. 33</u>

Dear Plaintiff and Counsel:

I am in receipt of ECF No. 33, Plaintiff's request that I reconsider the extension I granted to Defendant for filing of the Commissioner's Brief. I understand Plaintiff's frustration with the length of time it will take to brief and decide her Social Security appeal.

However, my decision to grant the extension was based on my recognition that Defendant's counsel might have been confused as to the deadline, because Plaintiff never filed a formal Plaintiff's Brief notwithstanding my suggestions that she do so. My decision to grant the requested 60 days was based on (1) counsel's representation that this was the amount of time needed; (2) Defendant not having previously requested an extension in this case; and (3) the fact that 60 days is the usual time Defendant has to respond to a Plaintiff's brief under Amended Standing Order 2022-04.

For these reasons, I will not further alter the November 27, 2026 deadline I set for the Commissioner's Brief. **I will, however, request that if Defendant's counsel finds she does not need the full 60 days, she file the Commissioner's Brief whenever it is complete.** The deadline for Plaintiff's Reply Brief will remain December 18, 2026, although Plaintiff is welcome to file it sooner than that.

Plaintiff has also indicated that she discerns bias in two actions or omissions on my part. First, Plaintiff notes that I took three days to act on her Emergency Request for Prompt Court Action, ECF No. 28, whereas I granted the Defendant's extension requests, ECF Nos. 30 & 31, on the day that they were filed. ECF No. 33 at 2. Second, Plaintiff alleges that I "completely ignored" her "request for emergency assistance due to continued hardship caused by the delay." *Id.*

Although Plaintiff has not explicitly requested that I recuse myself, because Plaintiff is proceeding *pro se* I will construe her filing liberally and undertake the recusal analysis. Federal judges must disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "[E]ven the appearance of partiality requires recusal." *Duke Energy Carolinas, LLC v. NTE Carolinas II, LLC*, 111 F.4th 337, 367 (4th Cir.

2024). The appearance-of-bias inquiry requires asking "whether a reasonable person would have a reasonable basis for questioning the judge's impartiality." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987)).

Here, I do not find that a three-day difference in the amount of time taken to respond to Plaintiff's and Defendants' filings would cause a reasonable person to reasonably question my impartiality in this matter, particularly where Defendant's filings were specifically anticipated in my prior letter order. *See* ECF No. 29.

With regard to Plaintiff's request for emergency assistance, Plaintiff requested that I:

(1) Expedite consideration of this matter
(2) Determine whether defendant has failed to comply with the Sept 15 2026 deadline
(3) If appropriate issue an order to show Good Cause requiring the defendant to explain the failure to meet the deadline
(4) Require a response or other appropriate filing within a prompt period established by the court
(5) Issue a decision as soon as practicable.

ECF No. 28 at 2-3.

With regard to request 1, as noted above, I issued a decision on ECF No. 28 within three days of its filing. ECF No. 29. With regard to request 2, I determined that Defendant had failed to comply with the deadline. *Id.* With regard to request 3, I determined that a show cause order was not appropriate and explained the reasons for that determination, namely, the likely confusion about deadlines attendant to Plaintiff having not filed a formal Plaintiff's Brief. *Id.* With regard to request 4, I set a one-week deadline for Defendant to file any motion for extension of time. *Id.* With regard to request 5, the case is not yet ripe for decision, because Under Rule 5 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), "[t]he action is presented for decision by the parties' briefs," and the Commissioner's brief has not yet been filed. For these reasons, I do not find that a reasonable person would reasonably question my impartiality in this matter based on my response to Plaintiff's requests for emergency assistance. Accordingly, recusal is not appropriate in this matter.

Notwithstanding the informal nature of this letter, it will constitute an Opinion and Order of the Court and will be docketed accordingly. The Clerk is directed to transmit a copy of this letter to Plaintiff.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge
District of Maryland